IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE HODGE,      )<br>                            )<br>        Petitioner,        )<br>                            )<br>    v.                      )<br>                            )<br>                            )<br>M. BENOV, Warden,           )<br>                            )<br>        Respondent.         )<br>_____ ) | CV F 00-5341 WMW HC<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE FOR<br>FAILURE TO PROSECUTE |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On October 29, 2004, the United States Court of Appeals for the Ninth Circuit entered an order granting the parties' joint motion for remand to this court. The Ninth Circuit vacated this court's order denying the petition for writ of habeas corpus and remanded the case to this court to enable Respondent to file an answer to five specified claims, thus allowing an adjudication of those claims on the merits.

Accordingly, on November 29, 2005, this court entered an order requiring Respondent to file an answer to the five claims remanded by the Ninth Circuit. On December 14, 2004, the copy of that order mailed to Petitioner was returned with the notation "not in custody." Since that time, Petitioner has not communicated with the court.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In the present case, Petitioner has failed to comply with Local Rule 83-183(b), which provides as follows:

> A party, appearing in propria persona shall keep the Court and opposing parties advised as to hi or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.

King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 18, 2000. The court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the "considerations of the alternatives" requirement, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424, is satisfied in this case, because without an address at which to contact Petitioner, this case can not proceed. Thus, there are no alternatives. Accordingly, the court finds that this case must be dismissed.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) This case is DISMISSED without prejudice for lack of prosecution in failing to comply with Local Rule 83-183(b);

2) The Clerk of the Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

**Dated:   May 3, 2005**          **/s/  William M. Wunderlich**
bl0dc4                                         UNITED STATES MAGISTRATE JUDGE